IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff-Appellee,<br>v.<br><br>JOHN WILLIAM MAYSE, JR.,<br>　　Defendant-Appellant. | Case No. 23-1390<br>D.C. No. 23-CR-00289-RMR-1<br>District of Colorado |

## **JOINT MOTION FOR REMAND**

Pursuant to 10th Cir. R. 27.3(1)(c), Appellant John William Mayse, Jr. and Appellee United States of America, through their respective counsel, jointly move the Court to remand this currently abated appeal to the district court for resentencing.

1.　　This is a criminal appeal that arises from the District of Colorado. Mr. Mayse was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In calculating Mr. Mayse's Guidelines range, the district court set the base offense level at 20 after ruling that Mr. Mayse had one qualifying crime of violence—his prior conviction for Colorado felony menacing. After adjustments for enhancements and acceptance of responsibility, the district court calculated Mr.

Mayse's total offense level as 21 and his Criminal History Category as V, which resulted in a Guidelines range of 70 to 87 months. He was sentenced to 65 months' imprisonment and three years of supervised release.

2. On June 10, 2024, a published opinion issued by this Court, *United States v. Venjohn* (10th Cir. Case No. 23-8028), held that Colorado felony menacing no longer qualifies as a crime of violence under the Sentencing Guidelines following the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022).

3. On June 11, 2024, the Court granted Appellant's unopposed motion to abate this appeal pending any petition for rehearing filed by the government in *Venjohn*, as *Venjohn* favorably resolved the same issue that Mr. Mayse had planned to raise in his appeal. The government in *Venjohn* did indeed file a petition for rehearing, and the *Venjohn* panel directed counsel for Mr. Venjohn to file a response.

4. On September 10, 2024, after receiving Mr. Venjohn's response, the *Venjohn* Court denied the government's rehearing petition.

5. This appeal currently remains abated, but the parties agree that, according to this Court's decision in *United States v. Venjohn*, remand for resentencing is warranted. Specifically, the parties agree that Mr. Mayse's prior conviction for Colorado felony menacing no longer qualifies as a requisite crime of

violence under the Guidelines. A remand is necessary so that the district court can recalculate Mr. Mayse's Guidelines range and resentence him accordingly.

WHEREFORE, in light of the foregoing, the parties respectfully request that the Court remand this case to the district court for resentencing.

> Respectfully submitted,
>
> VIRGINIA L. GRADY
> Federal Public Defender
>
> /s/ Amy W. Senia
> AMY W. SENIA
> Assistant Federal Public Defender
> 633 17th Street, Suite 1000
> Denver, Colorado 80202
> (303) 294-7002
> Email: Amy_Senia@fd.org
>
> MATTHEW T. KIRSCH
> Acting United States Attorney
>
> s/Marissa R. Miller
> Assistant U.S. Attorney
> 1801 California Street, Suite 1600
> Denver, Colorado 80202
> 303.454.0100
> USACO.ECFappellate@usdoj.gov
>
> Attorneys for Plaintiff-Appellee

# CERTIFICATE OF COMPLIANCE

    As required by Fed. R. App. P. 32(g)(1), I certify that this motion is proportionally spaced and contains 384 words. I relied on my word processor to obtain the count, and the information is true and correct to the best of my knowledge.

                                          */s/ Amy W. Senia*
                                          AMY W. SENIA
                                          Assistant Federal Public Defender